In the Matter of the Claim of Irving S. Reiss, Respondent, against Standard Garment Company, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. The claimant was an outside salesman employed by the appellant-employer to sell its products in the States of California and Arizona. He was injured on May 24, 1949, when the automobile in which he was driving on the employer's business in Arizona collided with another car. The appellants contend that there was not sufficient evidence to support the board's determination that the employment was a New York State employment and they also complain that the board denied them an opportunity to present additional evidence on that issue. In response to a questionnaire sent to him by the board, the claimant stated that he had been hired by the employer in New York; that he had worked for the employer in New York in May, 1947; that his sales territory included the States of California and Arizona and that he was supervised, directed and paid from the employer's office in New York City. Subsequently the claimant was examined in California by local counsel representing the appellants and he gave evidence corroborating his previous report. The evidence amply sustained the finding by the board of a New York State employment (*Baduski* v. *Gumpert Co.*, 277 App. Div. 591, motion for leave to appeal dismissed 302 N. Y. 702). The appellants had ample opportunity at hearings at which they were represented by counsel to present evidence on the issue of jurisdiction. Furthermore, their counsel examined the claimant on that issue at the hearing in California, although the hearing

had been called solely for the purpose of obtaining medical proof. Whether the appellants' subsequent applications for review and rehearing should have been granted rested solely in the discretion of the board and no reason is shown for disturbing the board's exercise of its discretion. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.